1

2

3

4

5

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

8  EDWARD DAVIES and JOANNE
   DAVIES, husband and wife,

9          Plaintiffs,

10         v.

11  GRANT COUNTY,
    WASHINGTON; JEFFREY WADE
12  and JANE DOE WADE, husband
    and wife, individually and the
13  marital community composed
    thereof; EDWARD LANGSHAW
14  and DEBORAH LANGSHAW,
    husband and wife, individually and
15  the marital community composed
    thereof,
16
           Defendants.
17

NO.  CV-06-121-RHW

**ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ON
SECTION 1983 CLAIMS**

18        Before the Court is Defendants' Motion for Summary Judgment (Ct. Rec.

19  21) and Motion to Strike Declaration (Ct. Rec. 37).  The motions were heard

20  without oral argument.

21                                    **FACTS**

22        For the past ten years, Plaintiff Edward and Joanne Davies have been

23  feuding with their neighbors, Defendants Edward and Deborah Langshaw, over an

24  easement and property lines.  For the most part, the parties have been pursuing

25  their dispute in state court.  The incident that is the basis for this federal action

26  occurred on June 4, 2003, the facts of which will be presented in the light most

27  favorable to Plaintiffs, the non-moving party.

28

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ON SECTION 1983 CLAIMS** ~ 1

1    The dispute between the neighbors began around 2002, when the Langshaw

2  Defendants placed railroad ties in a mutual easement between the two properties.

3  The mutual easement extends forty feet from north to south and allows for ingress,

4  egress, and parking.  The Langshaw Defendants also installed an underground

5  sprinkler and planted a lawn within the easement.  Plaintiffs complained about the

6  encroachments, but to no avail.  In fact, more railroad ties were set down in 2003,

7  and were moved outward until the railroad ties were located about four feet onto

8  Plaintiff's property, although still within the mutual easement area.  The railroad

9  ties were not placed in a straight line; rather, they were placed in a haphazard

10  manner.

11    On June 4, 2003, Plaintiff Edward Davies called the Grant County Sheriff's

12  Department (GCSD) because he was upset that Defendants Edward and Deborah

13  Langshaw had padlocked opened a gate that separated the two properties.

14  Previously, Plaintiff had padlocked the gate closed and the lock was cut.  As

15  Plaintiff was walking from the gate, he had a conversation with one of the

16  Langshaw's employees who was standing on the Langshaw's porch.  She stated

17  that Plaintiff had better be careful "because she had friends that could take care of

18  [him]".  Plaintiff told her that if she wanted to get in the middle of the lawsuit

19  between the neighbors she had better get a lawyer.  Plaintiff was approximately

20  twenty to thirty feet away from her when the statements were made.

21    Defendant Wade responded to the call. While investigating Plaintiff's

22  complaint regarding the padlocked fence, Defendant Wade contacted the

23  Langshaws, who stated that in the past, Mr. Davies had run over their railroad ties

24  that were located on the easement and spun his tires on their grass.

25    Defendant Wade then contacted Plaintiff and told him that there was plenty

26  of room to turn around and explained the consequences of running over the

27  railroad ties and damaging another person's property.  Plaintiff showed Defendant

28  Wade the location of the boundaries of the easement and asked if it was against the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ON SECTION 1983 CLAIMS ~ 2**

1 law to run over the ties.  Defendant Wade never answered Plaintiff.

2       After Defendant Wade left the property, Plaintiff decided to go to the store.

3 He got into his pickup and started to back up.  He accidently backed into the

4 railroad ties and when he hit the ties, the accelerator jammed, and the pickup

5 jumped over the railroad ties and onto the lawn area. His running over the railroad

6 ties was an accident.

7       As a result of this incident, the Langshaws called the GCSO and Defendant

8 Wade returned to the Langshaw's house.  An employee who worked at the

9 Langshaw's house told Defendant Wade that Edward Davies spoke to her in a

10 threatening manner. Defendant Wade reports that the employee told him that he

11 said, "I'll get you, too."[1]

12       Defendant Wade returned to the Davies' house and asked if Plaintiff had run

13 over the railroad ties.  Plaintiff informed Defendant Wade that he had, but that it

14 was an accident.  He told the officers that the railroad ties were located on his

15 property and in the easement area.  Plaintiff explained where the boundary lines to

16 his property were, where the boundary lines of the easement were, and told the

17 officers that the railroad ties were located on his property and in the middle of the

18 easement.  Defendant Wade did not ask him about the conversation with the

19 Langshaw's employee.

20       Defendant Wade arrested Plaintiff for malicious mischief and disorderly

21 conduct.  When Plaintiff asked the deputy why he was being arrested, Defendant

22 Wade did not respond.  The charges were subsequently dismissed by the state

23 court.

24       Plaintiffs filed this lawsuit on April 11, 2006, asserting claims for malicious

25 prosecution in violation of 42 U.S.C. § 1983, negligence, and vicarious liability

26

27       [1]Mr. Davies denies making this statement, but has not refuted the evidence

28 that the employee told Defendant Wade that this was what Mr. Davies said to her.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ON SECTION 1983 CLAIMS ~ 3**

1  against Defendant Grant County.

2  **DISCUSSION**

3  **A.    Standard of Review**

4  Summary judgment is appropriate if the "pleadings, depositions, answers to

5  interrogatories, and admissions on file, together with the affidavits, if any, show

6  that there is no genuine issue as to any material fact and that the moving party is

7  entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  There is no

8  genuine issue for trial unless there is sufficient evidence favoring the non-moving

9  party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby,*

10 *Inc.,* 477 U.S. 242, 250 (1986).  The moving party had the initial burden of

11 showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*,

12 477 U.S. 317, 325 (1986).  If the moving party meets it initial burden, the non-

13 moving party must go beyond the pleadings and "set forth specific facts showing

14 that there is a genuine issue for trial. *Id.* at 325; *Anderson*, 477 U.S. at 248.

15 In addition to showing that there are no questions of material fact, the

16 moving party must also show that it is entitled to judgment as a matter of law.

17 *Smith v. Univ. of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000).

18 The moving party is entitled to judgment as a matter of law when the non-moving

19 party fails to make a sufficient showing on an essential element of a claim on

20 which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323.

21 When considering a motion for summary judgment, a court may neither

22 weigh the evidence nor assess credibility; instead, "the evidence of the non-movant

23 is to be believed, and all justifiable inferences are to be drawn in his favor."

24 *Anderson*, 477 U.S. at 255.

25 **B.    Analysis**

26 Plaintiffs are asserting three causes of action: (1) violation of 42 U.S.C. §

27 1983; (2) malicious prosecution; and (3) negligence.

28

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ON SECTION 1983 CLAIMS** ~ 4

1    (1)    **Section 1983 Claims**

2        Section 1983 creates a cause of action against any person who, acting under

3    color of state law, violates the constitutional rights of another person.  42 U.S.C. §

4    1983; *Mabe v. San Bernardino County, Dep't of Public Soc. Serv.*, 237 F.3d 1101,

5    1106 (9th Cir. 2001).  To succeed on a section 1983 claim, Plaintiffs must show that

6    (1) the conduct complained of was committed by a person acting under color of

7    state law; and (2) the conduct deprived him or her of a constitutional right.  *Long v.*

8    *County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  A public official may

9    be immune from liability for acts performed in his official capacity under either the

10   doctrine of absolute immunity or qualified immunity.  *Mabe*, 237 F.3d at 1106.

11   Generally, the "presumption is that qualified rather than absolute immunity is

12   sufficient to protect government officials in the exercise of their duties."  *Antoine*

13   *v. Byers & Anderson, Inc.*, 508 U.S. 409, 433 n.4 (1993).

14       In determining whether Defendant is entitled to qualified immunity, the

15   Court must first determine whether Plaintiffs have stated a *prima facie* claim that

16   Defendant violated one of their constitutional rights.  *Saucier v. Katz*, 533 U.S.

17   194, 198 (2001); *Brittain v. Hansen*, 451 F.3d 982, 988 (9th Cir. 2006).  "If no

18   constitutional right would have been violated were the allegations established,

19   there is no necessity for further inquiries concerning qualified immunity."  *Id.*

20       If the Court determines that Plaintiffs presented a *prima facie* case, it must

21   ascertain "whether that right was 'clearly established' such that 'it would be clear

22   to a reasonable officer that his conduct was unlawful in the situation he

23   confronted." *Brittain*, 451 F.3d at 988 (*quoting Menotti v. City of Seattle*, 409 F.3d

24   1113, 1152 (9th Cir. 2005).  "This inquiry is wholly objective and is undertaken in

25   light of the specific factual circumstances of the case."  *Id.* (*quoting San Jose*

26   *Charter of the Hells Angels Motorcycle Club v. City of San Jose*, 402 F.3d 962,

27   971 (9th Cir. 2005)).

28       Defendants frame Plaintiffs' section 1983 claim as an excessive force claim.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT ON SECTION 1983 CLAIMS ~ 5**

1  In their response, Plaintiffs clarified that they are bringing a wrongful arrest claim.

2  To prevail on their claim for unlawful arrest under section 1983, Plaintiffs must

3  show that Defendant Wade made the arrest without probable cause. *Dubner v. City*

4  *& County of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001). Probable cause for a

5  warrantless arrest arises when the facts and circumstances within the officer's

6  knowledge are sufficient to warrant a prudent person to believe "that the suspect

7  has committed, is committing, or is about to commit an offense." *Barry v. Fowler*,

8  902 F.2d 770, 773 (9th Cir. 1990) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37

9  (1979).

10         Probable cause is generally a question for the jury. *McKenzie v. Lamb*, 738

11  F.2d 1005, 1008 (9th Cir. 1984). Summary judgment in favor of Defendants is

12  appropriate only if no reasonable jury could find that Defendant Wade did not have

13  probable cause to arrest. *Id.*

14         Recently, the Ninth Circuit clarified the lens through which the Court must

15  conduct the qualified immunity analysis. *Edgerly v. City and County of San*

16  *Francisco*, 2007 WL 2034040 *6 (9th Cir. July 17, 2007) (*citing Hunter v. Bryant*,

17  502 U.S. 224, 228 (1991)). The Court must determine: " whether 'a reasonable

18  officer could have believed that probable cause existed [for the] arrest' under the

19  circumstances." "If so, the arresting officers are entitled to qualified immunity.

20  Conversely, if a 'reasonable officer could [not] have believed [the arrest] to be

21  lawful, in light of clearly established law and the information the [arresting]

22  officers possessed,' then the arresting officers are not entitled to immunity." *Id.*

23         "Mere suspicion, common rumor, or even strong reason to suspect" are not

24  enough to establish probable cause. *McKenzie*, 738 F.2d at 1008. "There must be

25  must be some objective evidence which would allow a reasonable officer to deduce

26  that a particular individual has committed or is in the process of committing a

27  criminal offense." *Id.*

28

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ON SECTION 1983 CLAIMS** ~ 6

1

**(a)    Malicious Mischief**

2    In this case, Defendant Wade did not directly observe Plaintiff commit the

3 alleged acts.  Instead, he was relying on a third-party account of the incident in

4 question.  Even so, Plaintiff admitted to Defendant Wade that he ran over the

5 railroad ties, admitted that the railroad ties were his neighbors, and admitted that he

6 caused physical damage to the property of another.[2]  On the other hand, Plaintiff

7 told Defendant Wade that it was an accident and that the railroad ties were on his

8 property.  Defendant Wade also knew that Defendant and his neighbors were

9 embroiled in a bitter property dispute.

10    A reasonable jury could find that there was evidence that would allow a

11 reasonable officer to deduce that Plaintiff had committed malicious mischief.  It

12 was reasonable for Defendant Wade to not find credible Plaintiff's story that he

13 accidently ran over the railroad ties.  Defendant Wade was presented with two

14 versions of what happen and he was faced with visible property damage.  In that

15 situation, it was reasonable for him to believe one person's story over another and

16 conclude that Plaintiff willfully and maliciously caused damage to the property of

17 another.  Because a reasonable jury could find that Defendant Wade had probable

18 cause to arrest Plaintiff, he is entitled to qualified immunity.

19

**(b)    Disorderly Conduct**

20    Under Washington law, a person is guilty of disorderly conduct if the person

21 uses abusive language and thereby intentionally creates a risk of assault.  Wash.

22 Rev. Code § 9A.84.030(1)(a).  Disorderly conduct statutes are constitutionally

23 limited to 'fighting words,' *i.e.*, words 'which by their very utterance inflict injury

24 or tend to incite an immediate breach of the peace.'  *State v. Yoakum*, 30 Wash.

25

---

26    [2]Under Washington law, a person is guilty of malicious mischief in the third

27 degree if he or she knowingly and maliciously causes physical damage to the

28 property of another.  Wash. Rev. Code § 9A.48.090.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT ON SECTION 1983 CLAIMS ~ 7**

1    App. 874, 876 (1982) (*citing Chaplinsky v. New Hampshire*, 315 U.S. 568, 572

2    (1942)).  A fighting words analysis involves three steps: (1) the words must be

3    directed at a particular person or group of persons and there must be an addressee;

4    (2) the words themselves must be personally abusive to the ordinary citizen and

5    commonly known to be inherently likely to provoke violent reaction; and (3)

6    consideration must be given to the context or situation in which the words were

7    expressed.  *City of Seattle v. Camby*, 104 Wash.2d 49, 53 (1985).  "The addressee's

8    personal disagreement with or anger over words said to her does not, by itself,

9    mean that the words can be punished as fighting words."  *Id.*  "The uttered words

10   must . . . be related to the circumstances in which they were uttered."  *Pasco v.*

11   *Dixson*, 81 Wash.2d 510, 520 (1972).

12        Here, the words, "I'll get you, too" do not meet the definition of "fighting

13   words."  Also, there is nothing in the record to suggest that these words caused the

14   hearer of the words to initiate an assault on Plaintiff.  Consequently, no reasonable

15   jury could find that Defendant Wade had probable cause to arrest Plaintiff on

16   disorderly conduct charges.

17                   **(d)     Section 1983 Claims against Grant County**

18        Plaintiffs have not alleged that Defendant Wade's conduct was pursuant to a

19   county policy or practice.  Thus, to the extent Plaintiffs are asserting claims against

20   Grant County under 42 U.S.C. Defendant § 1983, the claims should be dismissed.

21                   **(2)     State law Claims**

22         The Court declines to exercise supplemental jurisdiction over the remaining

23   state law claims.  *See* 28 U.S.C. § 1367(c); *see also Carnegie-Mellon Univ. v.*

24   *Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law

25   claims are eliminated before trial, the balance of factors to be considered under the

26   pendent jurisdiction doctrine— judicial economy, convenience, fairness, and

27   comity—will point toward declining to exercise jurisdiction over the remaining

28   state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ON SECTION 1983 CLAIMS ~ 8**

1   (1966).  These claims will be dismissed without prejudice.

2          Accordingly, **IT IS HEREBY ORDERED:**

3          1.   Defendant's Motion for Summary Judgment (Ct. Rec. 21) is **GRANTED**

4   with respect to Plaintiffs' 42 U.S.C. § 1983 claims.

5          2.   The remaining state law claims are **DISMISSED** without prejudice.

6          3.   The District Court Executive is directed to enter judgement in favor of

7   Defendants Grant County, Washington; and Jeffrey Wade and Jane Doe Wade with

8   regard to the section 1983 claims**,** and against Plaintiffs.

9          **IT IS SO ORDERED.**  The District Court Executive is hereby directed to

10  enter this Order, furnish copies to counsel, and close the file.

11         **DATED** this 23rd day of August, 2007.

12                           *S/ Robert H. Whaley*

13                        ROBERT H. WHALEY
                        Chief United States District Judge
14

15

16

17  Q:\CIVIL\2006\Davies\grant.sj.wpd

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ON SECTION 1983 CLAIMS** ~ 9